**MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP**
**Wall Street Plaza**
**88 Pine Street, 24th Floor**
**New York, New York 10005**
**(212) 483-9490**
*Attorneys for Plaintiff, Massachusetts Mutual Life Insurance Company*



By:_____
     Brian W. Keatts

'08 CIV 7066

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,** | :   ECF CASE (GEL) |
| | :   CIVIL ACTION NO. |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| **HOFSTRA UNIVERSITY,** | : |
| | : |
| Defendant. | : |
| | : |
| | : |



---

### CIVIL ACTION – COMPLAINT

---

Massachusetts Mutual Life Insurance Company ("MassMutual") maintaining its principal place of business located at 1295 State Street, Springfield, Massachusetts 01111 by way of complaint against the defendant, alleges and says:

### JURISDICTION

1.    MassMutual is an insurance corporation of, and maintains a principal place of business in, the Commonwealth of Massachusetts and is a citizen of the Commonwealth of Massachusetts within the meaning and intent of 28 U.S.C. §1332.

2.    Hofstra University ("Hofstra") maintains a principal place of business in the State

of New York, and is a citizen of the State of New York within the meaning and intent of 28
U.S.C.§1332.

3.      There is complete diversity of citizenship between the parties to this civil action
within the meaning and intent of 28 U.S.C. §1332.

4.      The amount in controversy between the parties exceeds the sum of $75,000.00,
exclusive of interest and costs of suit.

5.      This court maintains original jurisdiction based on the diversity of citizenship of
the within parties pursuant to 28 U.S.C. §1332.

6.      This action has been properly venued in this District Court pursuant to 28 U.S.C.
§1391.

## FIRST COUNT

7.      MassMutual is, and during all times relevant has been, in the business of writing
annuity contracts and is authorized to transact business in the State of New York.

8.      Hofstra is, and during all time relevant has been, an institution of higher learning
providing educational services in the State of New York.

9.      On January 8, 1958, Hofstra purchased a Joint and Survivor Life Annuity from
MassMutual on the lives of John C. and Alice Adams, appearing under policy number 3015667
(hereinafter, the "Annuity").

10.     At that time, John C. Adams was Hofstra's President, and Alice Adams was his
wife.

11.     The Annuity matured on October 11, 1968.  Since that time, Hofstra has received
monthly installments of $919.62 ($751.28 plus and income dividend of $168.34) from the
Annuity pursuant to its terms, which in relevant part (i.e. "Option E"), state:

2

The owner of the Supplementary Contract shall be Hofstra University, its successors or assigns.

Option E, without installments certain, based on the lives of the said John C. Adams and the said Alice Adams, payments to terminate with the last monthly payment due prior to the death of the survivor.

Payments to be made to the owner, unless and until the Insurance Company shall receive at its Home Office a written request by said owner electing otherwise, which right of election may be successively exercised. The Insurance Company shall have the right, before making any payment of any installment to the owner in accordance with the provision hereof, to determine that either the said John C. Adams or the said Alice Adams is living.

12.    John C. Adams died on November 25, 1986, after which Hofstra continued to receive payments pursuant to the Annuity.

13.    Alice Adams died on May 7, 1995.  At that point, payments to Hofstra pursuant to the Annuity should have ceased.

14.    Hofstra never advised MassMutual of Alice Adams' death.  As a result, Hofstra continued to receive monthly payments of $919.62 pursuant to the Annuity from May 11, 1995 to November 11, 2007, totaling $137,943.

15.    On November 22, 2002, Hofstra contacted MassMutual to inquire as to the application of a check it received for $919.62, referencing payee number 11996702.

16.    In written correspondence dated December 11, 2002, MassMutual provided Hofstra with a copy of the Annuity contract and advised that monthly installments of $919.62 would be continuous during the joint lifetime and the life of the survivor of John C. Adams and his wife, Alice Adams.  In that correspondence, MassMutual noted that John C. Adams died on November 25, 1986, and advised Hofstra that payments would be discontinued when Alice Adams died.

17.    Despite the correspondence dated December 11, 2002, Hofstra never notified

3

MassMutual that Alice Adams had died seven years earlier.

18.    In written correspondence dated March 19, 2007, MassMutual asked Hofstra to provide a response to an enclosed questionnaire concerning the Annuity.

19.    In written correspondence dated August 27, 2007, MassMutual once again asked Hofstra to provide a response to an enclosed questionnaire concerning the Annuity.

20.    Despite the fact that Hofstra did not respond to the MassMutual's correspondence, MassMutual subsequently learned of the death of Alice Adam and contacted Hofstra.

21.    In written correspondence dated October 15, 2007, MassMutual demanded reimbursement of the $137,943 paid to Hofstra pursuant to the Annuity after the death of Alice Adams.

22.    In written correspondence dated January 22, 2008, MassMutual advised Hofstra that it had not received a response to its correspondence of October 15, 2007.

23.    In written correspondence dated January 20, 2008, Hofstra advised MassMutual that, prior to receiving MassMutual's letter of October 15, 2007, it was unaware that the payments it had been receiving were related to the Annuity.  Hofstra failed to offer to reimburse any portion of the $137,943 sought.

24.    In written correspondence dated June 30, 2008, MassMutual, via its counsel, once again advised Hofstra of the erroneous overpayment in the sum of $137,943 and demand was made for the immediate return of the overpayment.

25.    In written correspondence dated July 29, 2008, MassMutual, via its counsel, made yet another demand for the immediate return of the overpayment.

26.    Despite due and repeated demand for the return of the overpaid funds in the amount of $137,943, Hofstra has refused and/or neglected to pay MassMutual, and as a

consequence of the same, MassMutual has and continues to sustain damages.

## AS AND FOR A SECOND CAUSE OF ACTION

27.    MassMutual repeats and realleges each allegation contained in paragraphs "1" through "26" as if set forth at length herein.

28.    Hofstra continues to enjoy the use and benefit of the sum of $137,943 and has and remains unjustly enriched to the prejudice and deprivation of MassMutual.

29.    As a direct and proximate result of Hofstra's unjust enrichment, MassMutual has and continues to sustain monetary damages.

## AS AND FOR A THIRD CAUSE OF ACTION

30.    MassMutual repeats and realleges each allegation contained in paragraphs "1" through "29" as if set forth at length herein.

31.    Hofstra did unlawfully retain and convert monies and property due and belonging to MassMutual in the amount of $137,943.

32.    Hofstra has and continues to unlawfully maintain possession of the monies and personal property owned by MassMutual and has and continues to refuse to return the monies and personal property of MassMutual.

33.    Hofstra intentionally, willfully, knowingly and/or negligently took possession of and retained the monies and personal property due, owing and belonging to MassMutual and has refused, and continues to refuse to return the same.

34.    As a direct and proximate result of Hofstra's unlawful conversion of the monies and personal property due and owing to MassMutual in the amount of $137,943, MassMutual has and continues to sustain monetary damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

35.    MassMutual repeats and realleges each allegation contained in paragraphs "1" through "34" as if set forth at length herein.

36.    Hofstra owed express and/or implied contractual and/or common law duties of good faith, loyalty and honesty to MassMutual as owner and beneficiary of the Annuity bearing policy number 3015667.

37.    Hofstra breached and violated their obligations of good faith, loyalty and honesty in that it accepted, negotiated and unlawfully retained and/or converted monies and property due and owing to MassMutual in the mount of $137,943 knowing and/or should have known that the same represented an erroneous overpayment of the benefits arising under the Annuity bearing policy number 3015667 as a result of the death of Alice Adams.

38.    As a direct and proximate result of Hofstra's breach of express and/or implied contractual or common law obligations, including the duties of good faith, honesty and integrity, MassMutual has and continues to sustain monetary damages.

## AS AND FOR A FIFTH CAUSE OF ACTION

39.    MassMutual repeats and realleges each allegation continued in paragraphs "1" through "38" as if set forth at length herein.

40.    At all times relevant, Hofstra maintained fiduciary duties of good faith, honesty and integrity to, inter alia, ascertain the identity of the property of MassMutual to insure and verify all property owned by  MassMutual; to insure against the conversion and/or unlawful retention of monies and property lawfully belong to MassMutual, and to immediately return monies and/or property erroneously received and in the possession of Hofstra and due and owing to MassMutual.

6

41.     Hofstra breached and violated the fiduciary duties due and owing to MassMutual in that it failed, refused and/or neglected to ascertain the identity of all property assigned to and/or due and owing by Hofstra; failed, refused and/or neglected to advise MassMutual of the overpayment which had been made under the Annuity bearing policy number 3015667 on account of the death of Alice Adams; failed refused and/or neglected to immediately and forthwith return monies which were not the lawful property of Hofstra but that due, owing and belonging to MassMutual; intentionally, willfully, knowingly and/or in reckless disregard of the rights and interest of MassMutual did unlawfully convert, detain and/or otherwise take possession of the monies and property of MassMutual in the amount of $137,943; and otherwise did breach and violate the fiduciary duties due and owing to MassMutual.

42.     As a direct and proximate result of the breach of fiduciary duties by and on behalf of Hofstra, MassMutual has and will continue to sustain monetary damages.

## AS AND FOR A SIXTH CAUSE OF ACTION

43.     MassMutual repeats and realleges each allegation continued in paragraphs "1" through "42" as if set forth at length herein.

44.     It is against equity and good conscience to permit Hofstra to retain possession of the monies and property of MassMutual in the amount of $137,943.

45.     Hofstra will not sustain any detrimental, material and/or irrevocable change of position by returning to MassMutual its monies and property in the amount of $137,943.

46.     As a direct and proximate result of Hofstra's failure to provide restitution, MassMutual has and will continue to sustain monetary damages.

**WHEREFORE,** MassMutual demands judgment against the defendant for relief more particularly described as follows:

7

a.     Awarding a monetary judgment in the amount of $137,943 together with pre-judgment interest commencing on May 11, 1995, and the costs and disbursements of this action; and

b.     Compelling an accounting of the receipt and disbursement of the proceeds of the policy of life insurance erroneously over paid in the amount of $137,943; and

c.     An order awarding prejudgment interest, post judgment interest, costs of suit, reasonable attorney fees and such other relief the court deems equitable and just.

d.     An order awarding restitution of any and all benefits which may otherwise be due and payable.

e.     An order awarding costs of investigation, reasonable attorney fees, costs of suit, prejudgment interest, post judgment interest and such other relief as the court deems equitable and just.

f.     Enjoining the transfer, disposition, alienation and/or conveyance of any and all property, real and personal or the assets pending the final disposition of this action.

Dated: August 8, 2008

McElroy, Deutsch, Mulvaney & Carpenter, LLP

By: _____
Brian W. Keatts (BK2000)
*Attorneys for Plaintiff*
88 Pine Street, 24th Floor
New York, NY 10005
(212) 483-9490

1106829_1.doc

8